IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VINCENT D. GARDNER,
    Plaintiff,

vs.                                              Case No: 5:06cv185/RS/EMT

STEVEN STEWART, et al.,
    Defendants.
_____/

**ORDER**

       This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 9). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

       Plaintiff has named three Defendants: Steven Stewart, an officer with the Marianna Police Department; Heather Lane, Assistant State Attorney in Jackson County; and Elizabeth Simpson, Assistant Public Defender in Jackson County (Doc. 1 at 1-2). At the time of filing the instant complaint, Plaintiff was a pre-trial detainee at the Jackson County Jail (*see* Doc. 1 at 2). Plaintiff alleges that Defendants are "trying to railroad me" by allowing a witness for the State, Defendant Stewart, to discuss Plaintiff's criminal case with one of Plaintiff's witnesses, causing Plaintiff's witness to hesitate to cooperate in his defense (*id*. at 7). Plaintiff does not state a specific constitutional right that Defendants have violated, but states merely that "it ant [sic] right" (*id*. at 8). As relief, he seeks release from incarceration or a probationary sentence (*id*.).

       Initially, Plaintiff must clarify the status of the criminal proceedings. To the extent he seeks this court's intervention in an ongoing criminal proceeding, Plaintiff is advised that federal courts

cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also* Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975). In the instant case, Plaintiff does not allege the existence of extraordinary circumstances or that this court's failure to intervene will subject him to great and immediate harm. Therefore, if the state criminal proceeding is ongoing, Plaintiff has failed to satisfy the standard for this court's intervention.

If Plaintiff's state criminal proceedings have concluded, the relief he requests, namely, release from incarceration, is in the nature of habeas corpus; therefore, based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action appears warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Similarly, to the extent Plaintiff seeks damages attributable to the fact that he was wrongly incarcerated, Heck would require dismissal of this action unless Plaintiff establishes that his sentence or conviction has been invalidated.

In amending his complaint, Plaintiff must clarify the status of the criminal proceeding in which he was involved, specifically, whether or not he was convicted.[1] If he was convicted and now seeks to have his conviction overturned, his claim is not cognizable under 1983; rather, he should seek relief in the form of habeas corpus after he first exhausts his state post-conviction remedies.

Additionally, Plaintiff cannot state a claim under § 1983 as to Defendant Simpson. "Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the Constitution or laws.'" Arnold v. Board of Educ. of Escambia County, Ala., 880 F.2d 305, 309 (11th Cir. 1989). To state a prima facie claim under § 1983, a plaintiff must allege:

1.  the defendant's conduct caused the constitutional violation, and
2.  the challenged conduct was "under color of state law."

See Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). As it concerns Defendant Simpson, neither private attorneys nor attorneys employed as public defenders act under color of state law when they represent clients. Polk County v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981); Christian v. Crawford, 907 F.2d 808, 810 (11th Cir. 1990). Accordingly, Plaintiff should delete Defendant Simpson from this action.

Additionally, Plaintiff is advised that Assistant State Attorney Lane is immune from liability for damages based upon the facts asserted by Plaintiff. A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615-16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976). However, to the extent a prosecutor steps out of his prosecutorial role to perform "the investigative functions normally

---

[1] It appears that Plaintiff was convicted because his motion to proceed in forma pauperis states that he is now incarcerated at Liberty Correctional Institution (*see* Doc. 8 at 1).

performed by a detective or police officer," he does not have absolute immunity. *See* Buckley, 509 U.S. at 273; *see also* Burns v. Reed, 500 U.S. 478, 496, 111 S. Ct. 1934, 1944- 45, 114 L. Ed. 2d 547 (1991) (no absolute immunity for a prosecutor who gives legal advice to police during pretrial investigation); Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir.1999) (prosecutor is only entitled to immunity for his conduct during the "judicial phase" of a case).  Thus, for example, a prosecutor does not have absolute immunity for his participation in the search of an apartment; however, he does have qualified immunity for this type of investigatory action.  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002).

Under these principles, it is clear that even if Assistant State Attorney Lane knew that Officer Stewart was talking to one of the defense witnesses, her conduct clearly falls within the prosecutorial role; thus, Defendant Lane would be immune from any claims for damages.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff determines he cannot state an actionable claim, he should file a notice of voluntary dismissal, which will result in a recommendation that this case be dismissed without prejudice.  If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint.  Additionally, as previously instructed, Plaintiff shall clarify the status of criminal case, including whether he was convicted and, if so, the status of any appeal or post-conviction matter related to his conviction.  In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts

Case No: 5:06cv185/RS/EMT

supporting the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in section 1983 cases.  This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form.  Alternatively, Plaintiff should file a notice of voluntary dismissal within the same time.

3. Failure to submit an amended complaint as instructed may result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 11th day of January 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**