IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VINCENT D. GARDNER,
    Plaintiff,

vs.                                Case No: 5:06cv185/RS/EMT

STEVEN STEWART,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 13).  Leave to proceed in forma pauperis has been granted (Doc. 9).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923

(11th Cir. 1997). Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

Plaintiff names Steven Stewart, an officer with the Marianna Police Department, as the sole Defendant in this action. He alleges that while he was incarcerated awaiting trial on charges of driving with a suspended/revoked license and possession of a controlled substance, Defendant Stewart spoke to Tina Presten, Plaintiff's girlfriend, about Plaintiff's criminal case (Doc. 13 at 7). Plaintiff states that Ms. Presten did not tell him (Plaintiff) what Officer Stewart said to her (*id.*), but after their conversation she appeared unsure as to whether Plaintiff actually needed addresses of two witnesses that Plaintiff had requested from her; however, she told Plaintiff that would still provide the addresses (*id.*).

Plaintiff alleges he did not know that there was a piece of crack cocaine in the pocket of a jacket he put on when he was stopped by police and subsequently arrested for driving with a suspended/revoked license and possession of a controlled substance (*id.*).

Plaintiff claims that Officer Stewart's discussing Plaintiff's criminal case with Ms. Presten constituted witness tampering in violation of Florida Statute section 914.22 and in violation of his civil rights (*id.* at 8). As relief, he seeks release from incarceration sooner than March 30, 2007, as well as damages in the amount of $25,000.00 for lost wages and pain he has suffered due to his incarceration (*id.*).

As Plaintiff was previously advised by this court (*see* Doc. 10), the relief he requests, namely, release from incarceration, is in the nature of habeas corpus; therefore, based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state

prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Similarly, to the extent Plaintiff seeks damages attributable to the fact that he was wrongly incarcerated, Heck would require dismissal of this action unless Plaintiff establishes that his sentence or conviction has been invalidated.

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this 27th day of February 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 5:06cv185/RS/EMT